UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4275

WILL HAMILTON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-679-DWS)

Submitted: March 31, 1999

Decided: April 29, 1999

Before WILLIAMS and KING, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Barlow Loggins, Winnsboro, South Carolina, for Appellant.
Jane Barrett Taylor, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Will Hamilton appeals his conviction entered on his guilty plea to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Hamilton noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court erred by increasing Hamilton's offense level by two under U.S.S.G. § 2D1.1(b)(1). Hamilton raised three additional issues in a supplemental brief filed on his own behalf. Hamilton contends that the district court erred in (1) rejecting his contention that his status as a career offender under U.S.S.G.§ 4B1.1 overstated the seriousness of his criminal history; (2) calculating the relevant drug amounts for sentencing purposes; and (3) concluding that the controlled substance at issue was crack cocaine as opposed to some other form of cocaine base. Finding no merit to any of these claims of error, we affirm the conviction and sentence.

Because neither Hamilton nor his counsel objected to the contents of the presentence investigation report, Hamilton has forfeited his right to appeal issues pertaining to the report absent plain error. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). Finding no plain error in the record, we conclude that Hamilton has forfeited his challenges to the § 2D1.1 enhancement, the drug amount, and the form of the cocaine base for which he was convicted and sentenced. See United States v. Jackson, 124 F.3d 607, 614 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 732 (1993)), cert. denied, 118 S. Ct. 733 (1998). We further conclude that the district court did not err in determining that Hamilton's Criminal History Category did not overstate the seriousness of his past criminal offenses. See U.S.S.G. § 4A1.2 cmt. (n.3). We further note that a district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). There is no such mistaken belief in this case.

2

As required by <u>Anders</u>, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3